Smith, J,
1st. The trial court did not err in allowing affidavits to be filed on behalf of the defendants below, in answer to those filed by plaintiff in support of his motion for a new trial, based on the ground of newly discovered evidence. This is especially provided for by Sec. 5308, Rev. Stat.
2nd. At the trial of the case, after the general charge of the court to the jury, and to which no exceptions were taken, the plaintiff asked the court to give two several special charges to the jury. The requests were refused, and proper exceptions were taken.- — -The first charge so asked and refused was as follows:
“If the jury find that the will of Samuel P. Witheron is unreasonable in its provisions, and inconsistent with the duties of the testator with reference to his property and family, this of itself will impose upon those claiming under the will the necessity of -giving some reasonable explanation of the unnatural character of the will, or at least, of showing that its character is not the offspring of mental defect, obliquity or perversion.”
It may be conceded, we suppose, that the evidence offered in this case tended to show that the will of the testator, the validity of which was attacked in the case, was unreasonable in its provisions, and inconsistent with the duties of the testator to his family and property, in this, that while he gave a considerable amount of property to his three children and heirs at law, he gave nothing to *300 this grandson, the only son of a deceased daughter* and, it may be, without what would seem to people generally, a good reason therefor. This was a matter perfectly proper to be considered by the jury, in connection with the other evidence offered in the case, as tending to throw light upon the question whether at the time of the execution of the will the testator was of sound and disposing mind and memory, and acted freely and voluntarily, and was not under any restraint; for these were the questions of controversy in the case; and on these issues such evidence might be entitled to great weight. But under the provisions of our statute, which provides that on the trial of such issues, the order of the probate shall be prima facie evidence of the due attestation, execution and validity of the will, where offered by those upholding it, we are of the opinion that the court in this case could not properly say to the jury, as requested, that if they found as stated, “that this of itself will impose upon those claiming under the will, the necessity of giving some reasonable explanation of the unnatural character of the will, or at least of showing that its character is not the offspring of mental defect, obliquity or perversion.” If the jury was to understand from this statement, as they might well do, that if thcse-claiming under this will had not done this, that the verdict should be against the will, it would be manifestly wrong. But in any event, the charge as.asked imposed a burden upon those claiming under the-will, which the law did not impose upon them. They had made a prima facie case by the introduction of the will and order of probate, and it was incumbent on the plaintiff himself, before he was entitled to a verdict, to show that the will was, “the offspring of mental defect, obliquity or perversion” if it was claimed by him to be invalid for this cause.
The burden imposed by the law to show this could not be shifted from him and the defendants be bound to prove that this was not the case.
The second charge asked for and refused was- this:
Thos. MilUkin, for Plaintiff in Error.
A. IF. Hume and Edgar A. Belden, for Defendant in Error.
“If the jury find that John L, Witheron, who was benefited by the will, made as it is, had a controlling agency in inducing Samuel P. Witheron not to give Wm. D. Ousley an equal share with the other heirs, this must be regarded as a very suspicious circumstance, and one requiring the fullest explanation.”
But, while refusing to give the charge in the language asked, the court said to the jury concerning it:
“The court, however, will say, that circumstance, like any other circumstance which shows an unequal distribution of this property, or any unusual influence exerted, are such -circumstances as the jury may take into consideration in making up their minds as to whether or not there was any unsoundness of mind, or any undue influence.”
We are of the opinion that the charge, as asked for, ought not to have been given. The jury might have found that John L, Witheron, who was benefited by the will as it stood, had a controlling agency in inducing his father not to give the plaintiff an equal share with the other heirs, as for instance by convincing him fairly that he was not entitled to such a share, for the reason, for instance, that his, the plaintiff’s, mother had received á full share in her lifetime, or that he was rich and did not need it, while the others were poor. If those were the facts, (of which we know nothing), it would not be a very suspicious circumstance, “and requiring the fullest explanation,” whatever this may mean. The charge as asked for was altogether too indefinite,' and on its face asked rather for a statement of fact from the court, than one of law. And in our opinion the trial judge, in his statement on this point, stated strongly enough how the matter should be considered and weighed by the jury.
The judgment will be affirmed.